**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**October 20, 2006**

**Charles R. Fulbruge III**
**Clerk**

**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 05-30826

In Re: JJSA LIQUIDATION TRUST

                              Debtor.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PLACID REFINING COMPANY,

                                        Appellant,

VERSUS

OAKRIDGE CONSULTING, INC.

                                        Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana

(2:05-CV-1854)

Before GARZA, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Jitney Jungle Stores of America operates gas stations through its subsidiary Pump & Save (collectively, "the debtor"). On October 12, 1999, the debtor filed a voluntary petition for reorganization under Chapter 11 of the United States Bankruptcy

_____

[*]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

Code.  Subsequently, on December 15, 2000, the bankruptcy court confirmed a reorganization plan that named Oakridge Consulting ("Oakridge") as plan administrator.  The reorganization plan granted Oakridge the power to prosecute all causes of action transferred to the debtor's post confirmation estate.  In its capacity as plan administrator, Oakridge filed suit against Placid Refining Company ("Placid"), to recover preferential payments made during the 90-day period preceding the debtor's Chapter 11 filing.

Placid, a gasoline producer and distributor, began supplying the debtor with gasoline in the late 1980s. In 1991, the debtor executed a credit agreement with Placid that provided the debtor with a $500,000 credit limit for gasoline purchases payable through electronic funds transfer (EFT).

In 1997, Placid reduced the credit limit from $500,000 to $300,000 because of concerns about the debtor's weakened financial condition following a leveraged buyout.  By 1999, the debtor's finances had deteriorated further and on August 4th of that year, Placid again reduced the credit limit, this time from $300,000 to $125,000.  Placid also required the debtor pay by wire transfer instead of EFT.

Once the $125,000 credit limit took effect, the debtor had to immediately pay down approximately $175,000 to bring its account within the limit and to continue to receive gasoline from Placid. From that point on, the debtor paid invoices from Placid more frequently in order to keep its balance from exceeding $125,000.

On October 12, 1999, the debtor filed for Chapter 11 relief. The bankruptcy court found that $222,016.43 in payments made by Pump & Save to Placid during the 90-day period before October 12, 1999 constituted preferences under 11 U.S.C. § 547(b).[1] In reaching its conclusion, the bankruptcy court rejected Placid's argument that it did not receive the payments at issue on account of an antecedent debt. *See* 11 U.S.C. § 547(b)(2). It also concluded that the ordinary course of business exception, 11 U.S.C. § 547(c)(2), and the contemporaneous exchange for new value exception, 11 U.S.C. § 547(c)(1), were not applicable. The district court affirmed.

This Court reviews the bankruptcy court's ruling under the same standards used by the district court on its review:

---

[1] Section 547(b) provides:

> [T]he trustee may avoid any transfer of an interest of the debtor in property-
> (1) to or for the benefit of a creditor;
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
> (3) made while the debtor was insolvent;
> (4) made–
> (A) on or within 90 days before the date of the filing of the petition . . . and
> (5) that enables such creditor to receive more than such creditor would receive if–
> (A) the case were a case under chapter 7 of this title;
> (B) the transfer had not been made; and
> (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b).

conclusions of law are reviewed *de novo*, findings of fact are reviewed for clear error, and mixed questions of law and fact are reviewed *de novo*.  *In re CPDC, Inc. (Zer-Ilan v. Frankford)*, 337 F.3d 436, 441 (5th Cir. 2003); *see* FED. R. BANKR. P. 8013.

Placid argues that the contemporaneous exchange for new value exception applies, and also that the payments at issue meet the ordinary course of business exception.  We agree with the bankruptcy court and district court that these arguments are unpersuasive.

After careful review of the briefs and oral arguments of the parties, we AFFIRM the decisions of the bankruptcy court and the district court for the reasons stated in their opinions.

**AFFIRMED.**